**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4809-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHON JONES,

    Defendant-Appellant.

_____

Submitted May 12, 2020 - Decided June 9, 2020

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-06-2283.

Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa A. Aiello, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stevens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Rashon Jones appeals from the denial of his motion for resentencing on his 1995 convictions for murder and aggravated assault based on "newly discovered evidence." That evidence in defendant's view was the "new scientific information" on adolescent brain development that prompted the United States Supreme Court in Miller v. Alabama, 567 U.S. 460, 480 (2012), to declare that "children are different" when it comes to sentencing, and that "mandatory life without parole for those under the age of 18 at the time of their crimes" violates the Eighth Amendment, and prompted our own Supreme Court to require that a sentencing court take into account the "Miller factors," that is, a defendant's "'immaturity, impetuosity, and failure to appreciate risks and consequences'; 'family and home environment'; family and peer pressures; 'inability to deal with police officers or prosecutors' or his own attorney; and 'the possibility of rehabilitation,'" whenever sentencing "a juvenile to a lengthy period of parole ineligibility for a single offense," or "multiple offenses at different times," or in deciding "whether to run counts consecutively," and in determining "the length of the aggregate sentence," State v. Zuber, 227 N.J. 422, 447, 453 (2017) (quoting Miller, 567 U.S. at 477-78).

A-4809-18T4

Defendant was three weeks shy of his twentieth birthday when he savagely bludgeoned to death his sixteen-year-old former girlfriend over several hours while she cried and begged him to stop hitting her. The trauma surgeon who attended to her testified she had massive contusions to her face and head and that the swelling in her brain was so great it irreparably damaged her neurological centers, leading to cardiovascular collapse. State v. Jones, No. A-1165-96 (App. Div. May 28, 1999) (slip op. 7). At the time of her death, the victim's lower jaw was still immobilized by a steel rod used to repair the two fractures defendant had caused two months earlier when he repeatedly punched her in the face in the course of dropping her off at school. Id. at 2-3.

The jury convicted defendant of knowing and purposeful murder and second-degree aggravated assault, and the judge sentenced him to life in prison with a thirty-year period of parole ineligibility for the murder and to a consecutive ten-year term with five years of parole ineligibility on the aggravated assault. Id. at 1-2. We affirmed defendant's conviction and sentence, finding no error. Ibid. We specifically noted that we did not find the aggregate sentence and parole ineligibility term imposed, including for "an especially depraved purposeful or knowing murder," to be "in the least

3

shocking," and certainly not an abuse of the sentencing judge's discretion.  Id. at 23-24.

Judge Cronin denied defendant's motion for resentencing.  In a cogent statement of reasons, the judge determined the "new scientific information" defendant cited failed to meet the criteria for newly discovered evidence under State v. Carter, 85 N.J. 300, 314 (1981).  The judge further determined defendant's "reliance on Zuber and Miller [was] misplaced" because those cases are limited to juvenile defendants, and defendant was almost two years beyond the age of majority when he committed his crimes.  Judge Cronin also found that even were Zuber extended to nineteen-year-olds, "it still would not apply" as defendant will become eligible for parole in 2030, at which time he will be fifty-four years old.

Defendant appeals, raising a single issue through counsel:

> THE CONSECUTIVE MAXIMUM PRISON TERMS IMPOSED ON DEFENDANT FOR OFFENSES HE COMMITTED WHEN HE WAS 19 YEARS OLD WAS CRUEL AND UNUSUAL PUNISHMENT BECAUSE THE SENTENCING COURT DID NOT CONSIDER THAT NEUROSCIENCE STRONGLY COUNSELS AGAINST IMPOSING SUCH A LENGTHY PRISON TERM ON PERSON OF THAT AGE.  U.S. CONST. AMEND VIII, XIV; N.J. CONST. ART. I, ¶ 12.  THEREFORE, THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A ZUBER RESENTENCING.

A-4809-18T4

A.  As <u>Zuber</u> Instructs, Jones Received the Type of "Very Lengthy" Prison Sentence That Should Not Be Imposed unless Proper Consideration has been Given to Defendant's Youth at the Time of the Offense.

B.  The Neuroscience Underlying <u>Miller</u>, <u>Graham</u> and <u>Roper</u> Applies with Equal Force to a Nineteen-Year-Old Offender.

Defendant raises two points in his pro se supplemental brief:

POINT I

THE MOTION JUDGE ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEW SCIENTIFIC EVIDENCE ABOUT BRAIN DEVELOPMENT OF ADOLESCENTS OVER THE AGE OF 18 THAT WOULD SUPPORT A JURY INSTRUCTION ON PASSION/ PROVOCATION MANSLAUGHTER THAT WAS PREVIOUSLY UNAVAILABLE TO DEFENDANT.

POINT II

THE MOTION JUDGE ERRED IN FAILING TO APPOINT COUNSEL TO REPRESENT DEFENDANT AND TO GRANT DEFENDANT AN EVIDENTIARY HEARING.

We reject those arguments as without sufficient merit to warrant discussion in a written opinion, <u>R.</u> 2:11-3(e)(2), and affirm, essentially for the reasons expressed by Judge Cronin in his opinion of April 15, 2019.  As Judge Cronin noted, <u>Miller</u> and <u>Zuber</u>, which apply only to juvenile defendants, have

5

no applicability here as defendant was not a juvenile but a nearly twenty-year-old man when he committed the murder and aggravated assault for which he was sentenced. Further, defendant's aggregate thirty-five year mandatory minimum sentence, which will make him eligible for parole at age fifty-four, is not the functional equivalent of a life sentence without parole in any event.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4809-18T4